UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BUDDYUSA, INC., | Chapter 7 |
| Debtor. | Bankr. Case No. 02-11755 |
| JOHN A. DEEP, | |
| Appellant | Dist. Ct. Civil Action<br>1:07-CV-0649 (LEK) |
| -against- | |
| PHILIP J. DANAHER, *et al.,* | |
| Appellees. | |

**DECISION AND ORDER**

On June 20, 2007, Appellant John A. Deep ("Deep" or "Appellant") filed with this Court a Notice of Appeal from an Order of the United States Bankruptcy Court for the Northern District of New York (Robert E. Littlefield, B.J.), entered on May 4, 2007, granting Trustees' Joint Motion to Sell Property pursuant to 11 U.S.C. §363. Also before the Court is Plaintiff's Motion to consolidate the above appeal with case number 07-CV-819 and Plaintiff's Motion for a Stay, pending appeal and remand. For the following reasons, the May 2007 decision of the Bankruptcy Court is affirmed, and Plaintiff's Motion to consolidate and Motion for a stay are denied as moot.

**I. BACKGROUND**

On March 15, 2007, Trustee-Appellees Philip J. Danaher and Paul A. Levine ("Appellees") filed an amended notice to sell certain property owned by Buddy USA, Inc. and Madster FKA Aimster, two Chapter 7 corporate debtors substantially owned and operated by

Appellant. Motion (Dkt. No. 3, Attach. 13); Schedule A (Dkt. No. 3, Attach. 14). This issue was fully briefed before the Bankruptcy Court, with appearances by all sides. Order (Dkt. No. 1, Attach. 1). On May 4, 2007, Judge Littlefield issued an order allowing the Trustees to sell ("Order"), naming the successful bidder, the price, and the terms of sale. Id. Plaintiff did not move for a stay prior to the close of the sale, on May 14, 2007. Bill of Sale (Dkt. No. 10, Ex. A). On May 14, 2007, Appellant filed the notice of appeal of the Order to this Court. Dkt. No. 1. Subsequently, on June 6, 2007, Appellant filed with the Bankruptcy Court a Motion for a stay of the Order, pending appeal. After a hearing on June 27, 2007, Judge Littlefield denied the Motion. Order (Dkt. No. 5, Attach. 8).

## II. ANALYSIS

A.   Is Review of the Order to Sell Proper?

Owner Appellee argues that the Appeal of the Order to sell property is moot in its entirety because Appellant failed to obtain a stay of the sale and the sale is now completed. Owner Opp. (Dkt. No. 12) at 1. The Court of Appeals for the Second Circuit has ruled that, if an "appellant has made no effort to obtain a stay and has permitted such a comprehensive change of circumstances to occur as to render it inequitable for the appellate court to reach the merits of the appeal[,]" then the appeal should be dismissed as moot. In re Chateaugay Corp., 988 F.2d 322, 325 (2d Cir. 1993) (internal quotations and citations omitted). This is especially true in bankruptcy court "where the ability to achieve finality is essential to the fashioning of effective remedies." Id. See also In re Metromedia Fiber Network, Inc., 416 F.3d 136, 143 (2d Cir. 2005).

As discussed, the record reveals that Appellant made no effort to get a stay before the completion of the sale, waiting for more than a month after the Order (and three weeks after the

completion of the sale) to move for a stay. As the Court of Appeals has noted, "[t]he party who appeals without seeking to avail himself of that protection [afforded by a stay] does so at his own risk." In re Chateaugay Corp., 988 F.2d at 326. For these reasons, equity demands that Appellant's appeal must be dismissed.

    B.     Motion to Stay

Appellant moved this court on August 1, 2007, for a stay of the May 4 Order of the Bankruptcy Court, the subject of this appeal. (Dkt. No. 8). Because the appeal is being dismissed, Appellant's Motion for a stay is moot and must therefore be dismissed.

    C.     Motion to Consolidate

Appellant also moved this Court to consolidate this appeal with a separate appeal of an order of the Bankruptcy Court, Docket Number 1:03-CV-0819. Motion to consolidate appeals (Dkt. No. 7). Since this appeal is dismissed, Appellant's Motion to consolidate appeals is denied as moot.

### III. CONCLUSION

Accordingly, it is hereby

**ORDERED**, that the Appeal of the May 4, 2007 Memorandum Decision-Order of the Bankruptcy Court, granting Trustees' Joint Motion to sell, (Dkt. No. 1) is **DISMISSED**; and it is

further

**ORDERED**, that Appellant's Motion to stay (Dkt. No. 8) is **DENIED AS MOOT**; and it is further

**ORDERED**, that Appellant's Motion to consolidate appeals (Dkt. No. 7) is **DENIED AS MOOT**; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Order by regular mail upon the parties to this action.

**IT IS SO ORDERED**.

DATED:    November 07, 2007
          Albany, New York

Lawrence E. Kahn
U.S. District Judge